NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0065n.06

No. 08-4565

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 02, 2010**
LEONARD GREEN, Clerk

JIANNA MOORE, et al.,

    Plaintiffs-Appellants,

v.

LAKE COUNTY DEPARTMENT OF JOB AND
FAMILY SERVICES, et al.,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

BEFORE: BATCHELDER, Chief Judge, GRIFFIN, Circuit Judge, and TARNOW, District Judge.[*]

TARNOW, District Judge.

Jianna Moore, a minor, by her birth parents, Danielle Moore and Frederick Waterwash, and Moore and Waterwash on their own behalf, appeal the district court's grant of Defendants' motion for summary judgment. Plaintiffs argue that this panel should adopt "professional judgment" as the standard of culpability under which a child's due process right to be free from harm while in a state foster home is evaluated, overruling this court's decision in *Lintz v. Skipski*, 25 F.3d 304 (6th Cir. 1994) establishing "deliberate indifference" as the standard. For the reasons that follow, we decline to adopt the "professional judgment" standard and affirm the district court's ruling.

---

[*]The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

No. 08-4565
*Moore, et al. v. Lake County*
*Department of Job and Family Services, et al.*

I.

In July 2002, Raymond and Lisa Knapp went to the Lake County Department of Job and Family Services (LCDJFS) seeking to adopt a child. Following their application, the Knapps underwent pre-service training, taking classes with curriculum developed by the Ohio Department of Children and Family Services. A home study was completed, in accordance with Ohio law, that included background checks, a check of personal and employment references, and medical evaluations. The couple also completed a self assessment where they indicated that their infant care skills needed some development.

The Knapps were approved as adoptive parents in June 2003. Ultimately, after determining that it might be difficult to adopt a young child because of the limited number of children in the newborn to three-year-old age bracket available strictly for adoption, the Knapps decided they wanted to serve as foster parents and were licensed as such. They continued to receive training after their approval, completing the twenty hours of training sessions that were required between September 2003 and September 2004.

In December 2004, LCDJFS was granted emergency custody of Jianna Moore, a newborn, and placed her with the Knapps. During Jianna's placement, Erin Whipple, a social worker with LCDJFS, regularly visited the home under the supervision of LCDJFS supervisor Melanie Hale to monitor the child's well-being. Ms. Whipple also saw the child weekly at the birth mother's supervised agency visits and spoke with the Knapps by phone twice per week. Neither Ms. Hale nor

No. 08-4565
*Moore, et al. v. Lake County*
*Department of Job and Family Services, et al.*

Ms. Whipple had any specific concerns about the safety of the child. Jianna's mother, Danielle Moore, did not observe any signs of physical harm during her regular supervised visits.

On February 3, 2005, Jianna suffered injuries consistent with "shaken baby syndrome." LCDJFS and the Mentor Police Department investigated and determined that the injuries resulted from physical abuse that occurred while the child was in the Knapps' custody. No criminal charges were brought against the Knapps, but a civil suit was brought by the child's mother.[1] Danielle Moore ultimately regained custody of her daughter.

## II.

Jianna Moore, by and with her birth parents, filed a complaint against LCDJFS and several of its employees or agents in the Lake County Court of Common Pleas alleging a federal claim under 42 U.S.C. § 1983 and various state claims. Plaintiffs' § 1983 claim alleged that Defendants' failure to investigate, train, and monitor the foster parents caring for the child deprived Jianna of her civil rights as guaranteed by the United States and Ohio Constitutions. Defendants subsequently filed a motion for summary judgment, which the district court granted as to the § 1983 claim against LCDJFS since Plaintiffs were unable to demonstrate that a lack of an agency policy basing foster care placements upon foster parents' self assessments caused any violation of a constitutional right.

The district court also concluded that the individual defendants were entitled to qualified

---

[1] Detective Colleen Petro, who investigated the incident, testified that she recommended to the prosecutor that criminal charges be brought against Ms. Knapp but he declined to do so because he was concerned that he could not prove the allegations beyond a reasonable doubt.

No. 08-4565
*Moore, et al. v. Lake County*
*Department of Job and Family Services, et al.*

immunity. Although under *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 476 (6th Cir. 1990) and *Lintz*, supra, it is clearly established law in the Sixth Circuit that a child has a due process right to be free from harm while in a state foster home, no violation of that right had occurred since Plaintiffs did not demonstrate that Defendants' conduct constituted "deliberate indifference" to Jianna's safety. The district court did note, however, that although it was sympathetic to Plaintiff's argument that "professional judgment" is a more appropriate standard of culpability to apply in the foster care context, it was bound by *Lintz*, supra, to apply the "deliberate indifference" standard.

## III.

Plaintiffs asks this panel to overrule this court's prior ruling in *Lintz*, supra, and establish the "professional judgment" standard as the requisite standard of culpability in determining whether a state has violated a foster child's due process right to be free from harm while in a state foster home. However, we decline to do so, as "a fundamental principle of this court is that '[a] panel... cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *See United States v. Ables*, 167 F.3d 1021, 1027 (6th Cir. 1999), quoting *Salmi v. Secretary of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).

After hearing oral argument and thoroughly examining the briefs and record in this case, this court concludes that the district court properly applied the prevailing standard of "deliberate indifference" in evaluating Plaintiff's § 1983 claim. Accordingly, we affirm the judgment of the

No. 08-4565
*Moore, et al. v. Lake County*
*Department of Job and Family Services, et al.*

district court for the reasons stated in its opinion entered on October 6, 2008. In doing so, this court

makes no determination as to which standard, "deliberate indifference" or "professional judgment,"

is a more appropriate one to apply in determining whether a child's right to be free from harm while

in state foster care is violated.